United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 02-10775

_____

NORTH RIVER INSURANCE COMPANY; UNITED STATES FIRE INSURANCE
COMPANY

Plaintiffs - Appellees,

VERSUS

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas, Dallas
99-CV-682-L

Before: DAVIS, CYNTHIA HOLCOMB HALL[*], and EMILIO M. GARZA,
Circuit Judges.

PER CURIAM[**]:

The district court correctly refused to dismiss the action

on the ground that appellees were not real parties in interest.

_____

[*]U.S. Circuit Judge, Ninth Circuit, sitting by designation.

[**]Pursuant to 5th Cir. R 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Under Fed. R. Civ. Pro. 17(a), International Insurance Company's ratification of the action permitted the action to be prosecuted by appellees.

Appellant has not met its heavy burden on the issue of whether appellees have waived arbitration. <u>Lawrence v. Comprehensive Bus. Servs. Co.</u>, 833 F.2d 1159, 1164 (5th Cir. 1987). Appellees were forced to use the discovery process in part because appellant denied it was subject to an arbitration agreement. Any prejudice to appellant as a result of appellees' failure to timely file a motion to compel arbitration was remedied by the district court's sanctioning of appellees for such failure.

Timeliness issues should be raised to the arbitrator and we therefore express no opinion on the merits of appellant's arguments regarding the statute of limitations.

It is not disputed that appellant was clearly a party to the 1985 and 1987 Line Slips. While appellant was not listed on the signature page of the treaties, the Line Slip's agent signed the treaties and corresponding cover notes on behalf of the entire

Line Slip.  Moreover, appellant received premiums from and paid out its share of losses to appellees in proportion to its percentage share of the Line Slip.  Appellant also comes forward with no evidence of any agreement between itself and the companies that it alleges were fronting for it.  It is also not disputed that the Line Slip's agent had no power to bind either the alleged fronting companies or appellant to shares greater than or less than their participation in the Line Slip.  We therefore affirm the district court's finding that appellant was a party to the treaties at issue in this case.  Those treaties had a clear, unambiguous arbitration clause.

**AFFIRMED.**